| | |
|---|---|
| TERRY ROBERTSON and RAY BARNES on behalf of themselves and all others similarly situated, | Case No. 21-cv-6652 |
| Plaintiffs, | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| v. | **PURSUANT TO 29 U.S.C. §216(b) AND FED. R. CIV. P. 23** |
| WOODMAN'S FOOD MARKET, INC. 2631 Liberty Lane Janesville, Wisconsin 54304 | **JURY TRIAL DEMANDED** |
| Defendant | |

## COMPLAINT

### PRELIMINARY STATEMENT

1.    This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), Illinois' Minimum Wage Law, 820 ILCS 105/12, *et seq.* ("IMWL"), Illinois' Wage Payment and Collection Act, 820 ILCS 115/1, *et seq..* ILL. ADMIN. CODE 300, *et seq* ("IWPCA"), and FED. R. CIV. P. 23, by Plaintiffs, Terry Robertson and Ray Barnes, on behalf of themselves and all other similarly situated current and former hourly-paid, non-exempt employees of Defendant, Woodman's Food Market, Inc., for purposes of obtaining relief under the FLSA, IMWL and IWPCA for unpaid overtime compensation, unpaid agreed upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.     Defendant Woodman's Food Market, Inc., is a privately owned grocery store chain headquartered in Janesville, Wisconsin that owns and operated multiple physical stores and/or locations in multiple States, including but not limited to the States of Illinois and Wisconsin.

3.     Defendant operated (and continues to operate) an unlawful compensation system that deprived and failed to compensate Plaintiffs and all other current and former hourly-paid, non-exempt employees for all hours worked and work performed each workweek, including but not limited to at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, by: (1) shaving time (via electronic timeclock rounding) from Plaintiffs' and all other hourly-paid, non-exempt employees' weekly timesheets for pre-shift, in-shift, and post-shift hours worked and/or work performed, to the detriment of said employees and to the benefit of Defendant, in violation of the FLSA, IMWL and IWPCA; and (2) failing to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in Plaintiff Robertson's and all other hourly-paid, non-exempt employees' regular rates of pay for overtime calculation purposes, in violation of the FLSA and IMWL.

4.     Defendant's failure to compensate its hourly paid, non-exempt employees for compensable work performed each workweek, including but not limited to at an overtime rate of pay, was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the IMWL and IWPCA.

**JURISDICTION AND VENUE**

5.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

6.     This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the Illinois state law claims, Illinois' Minimum Wage Law, 820 ILCS 105/12, *et seq.* ("IMWL") and

Illinois' Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.*. ILL. ADMIN. CODE 300, *et seq* ("IWPCA"), because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

## PARTIES

8.      Defendant is a Janesville, Wisconsin-based company with a principal office address of 2631 Liberty Lane, Janesville, Wisconsin 53545.

9.      For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiffs, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

10.      Plaintiff, Terry Robertson, is an adult male resident of the State of Illinois residing at 1516 Meadowsedge Lane, Carpentersville, Illinois 60110.

11.      Plaintiff Robertson was "employed" as an "employee" of Defendant, his "employer," as those terms or variations thereof are used in 820 ILCS 105/12, *et seq.*, 820 ILCS 115/1, *et seq.*, and ILL. ADMIN. CODE 300, *et seq*.

12.      Plaintiff, Ray Barnes, is an adult male resident of the State of Illinois residing at 129 Hazard Road, Carpentersville, Illinois 60110.

13.      Plaintiff Barnes was "employed" as an "employee" of Defendant, his "employer," as those terms or variations thereof are used in 820 ILCS 105/12, *et seq.*, 820 ILCS 115/1, *et seq.*, and ILL. ADMIN. CODE 300, *et seq*.

14.      Plaintiff Robertson's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is filed contemporaneously with the filing of this Complaint.

15.     At all times relevant hereto, Defendant owned, operated, and managed multiple physical stores and/ locations in multiple states, including in the States of Illinois and Wisconsin.

16.     From approximately November 2009 to the present date, Plaintiff Robertson has worked as an hourly-paid, non-exempt employee in the position of Stocker at Defendant's Carpentersville, Illinois store, located at 2100 Randall Road, Carpentersville, Illinois 60110.

17.     From approximately March 2008 to the present date, Plaintiff Barnes has worked as an hourly-paid, non-exempt employee in the position of Stocker at Defendant's Carpentersville, Illinois store, located at 2100 Randall Road, Carpentersville, Illinois 60110.

18.     Plaintiffs bring this action on behalf of themselves and all other similarly-situated current and former hourly-paid, non-exempt Store Employees who work at, worked at, and/or were employed by Defendant during the relevant time periods. At Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge, Plaintiffs performed similar job duties as other current and former hourly-paid, non-exempt Store Employees who work at, worked at, and/or were employed by Defendant at any of its store locations throughout the States of Illinois and Wisconsin.

19.     During the relevant time periods, Plaintiffs and all other current and former hourly-paid, non-exempt employees performed compensable work in the same or similarly-titled positions subject to Defendant's same unlawful compensation policies and practices as enumerated herein at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge at stores that were owned, operated, and managed by Defendant in the States of Illinois and Wisconsin.

20.     During the relevant time periods, Defendant supervised Plaintiffs' day-to-day activities and the day-to-day activities of all other hourly-paid, non-exempt employees.

21.	During the relevant time periods, Defendant hired, terminated, promoted, demoted, and suspended Plaintiffs and all other hourly-paid, non-exempt employees.

22.	During the relevant time periods, Defendant reviewed Plaintiffs' work performance and the work performance of all other hourly-paid, non-exempt employees.

23.	During the relevant time periods, Defendant established Plaintiffs' work schedule and the work schedules of all other hourly-paid, non-exempt employees.

24.	During the relevant time periods, Defendant established Plaintiffs' and all other hourly-paid, non-exempt employees' hourly rates of pay and means of compensation.

25.	During the relevant time periods, Defendant provided Plaintiffs and all other hourly-paid, non-exempt employees with work assignments and hours of work.

26.	During the relevant time periods, Plaintiffs' hours of work and the hours of work of all other hourly-paid, non-exempt employees were tracked and recorded by Defendant.

27.	During the relevant time periods, Defendant established the work rules, policies, and procedures by which Plaintiffs and all other hourly-paid, non-exempt employees abided in the workplace.

28.	During the relevant time periods, Defendant controlled the terms and conditions of Plaintiffs' employment and the employment of all other hourly-paid, non-exempt employees.

## **GENERAL ALLEGATIONS**

29.	In approximately November 2009, Defendant hired Plaintiff Robertson as an hourly-paid, non-exempt employee in the position of Stocker working at Defendant's Carpentersville, Illinois store, located at 2100 Randall Road, Carpentersville, Illinois 60110.

30.	Plaintiff Robertson is still currently employed by Defendant.

31.     In approximately March 2008, Defendant hired Plaintiff Barnes as an hourly-paid, non-exempt employee in the position of Stocker working at Defendant's Carpentersville, Illinois store, located at 2100 Randall Road, Carpentersville, Illinois 60110.

32.     Plaintiff Barnes is still currently employed by Defendant.

33.     During Plaintiffs' employment with Defendant, Defendant compensated Plaintiffs on an hourly basis and/or with an hourly rate of pay.

34.     During Plaintiffs' employment with Defendant, Plaintiffs' were non-exempt employees for purposes of the FLSA, IMWL, and IWPCA.

35.     On a daily basis during Plaintiffs' employment with Defendant, Plaintiffs worked alongside other hourly-paid, non-exempt employees at Defendant's Carpentersville, Illinois location.

36.     On a daily basis during Plaintiffs' employment with Defendant, Plaintiffs performed compensable work at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge as hourly-paid, non-exempt employees at Defendant's Carpentersville, Illinois location.

37.     During the relevant time periods, Plaintiffs and all other hourly-paid, non-exempt employees were employed by Defendant in hourly-paid, non-exempt job positions and performed compensable work on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction at grocery stores that were owned, operated, and managed by Defendant in the States of Illinois and Wisconsin.

38.     During the relevant time periods, Plaintiff Robertson and all other hourly-paid, non-exempt employees regularly worked in excess of forty (40) hours per workweek.

39.     During the relevant time periods, Defendant knew or had knowledge that Plaintiff Robertson and all other hourly-paid, non-exempt employees worked in excess of forty (40) hours per workweek.

40.     During the relevant time periods, Defendant compensated Plaintiffs and all other hourly-paid, non-exempt employees on a weekly basis via check.

41.     During the relevant time periods, Defendant's workweek for FLSA, IMWL, and IWPCA purposes was Sunday through Saturday.

42.     During the relevant time periods, Plaintiffs and all other hourly-paid, non-exempt employees were non-union employees of Defendant.

43.     During the relevant time periods, Plaintiffs and all current and former hourly-paid, non-exempt employees were subject to Defendant's same unlawful policy, practice, custom, and/or scheme of shaving time (via electronic timeclock rounding) from Plaintiffs' and all other hourly-paid, non-exempt employees' weekly timesheets for pre-shift, in-shift, and post-shift hours worked and/or work performed, to the detriment of said employees and to the benefit of Defendant, in violation of the FLSA, IMWL and IWPCA.

44.     During the relevant time periods, Plaintiff Robertson and all current and former hourly-paid, non-exempt employees were subject to Defendant's same unlawful policy, practice, custom, and/or scheme of failing to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in their regular rates of pay for overtime purposes in violation of the FLSA and IMWL.

45.     During the relevant time periods, Plaintiffs and all other hourly-paid, non-exempt employees were subject to Defendant's same pay and timekeeping policies and practices.

46.     During the relevant time periods, Defendant utilized the same timekeeping policies and practices at all of its store locations in the States of Illinois and Wisconsin.

47.     During the relevant time periods, Defendant tracked and/or recorded Plaintiffs' and all other hourly-paid, non-exempt employees' hours worked each workweek.

48.     During the relevant time periods, Defendant utilized the same compensation and payroll policies and practices at all of its grocery store locations in the States of Illinois and Wisconsin.

49.     During the relevant time periods, Defendant maintained an electronic time-clock system (hereinafter simply "Defendant's electronic timekeeping system") that Plaintiffs and all other hourly-paid, non-exempt employees used on a daily basis for timekeeping and/or recordkeeping purposes at all of its grocery store locations in the States of Illinois and Wisconsin.

50.     During the relevant time periods, Plaintiffs and all other hourly-paid, non-exempt employees used Defendant's electronic timekeeping system on a daily basis for timekeeping and/or recordkeeping purposes.

51.     During the relevant time periods, Defendant maintained employment records and other documentation regarding Plaintiffs and all other hourly-paid, non-exempt employees at all of its grocery store locations in the States of Illinois and Wisconsin.

52.     During the relevant time periods, Defendant maintained a centralized system for tracking and/or recording hours worked by Plaintiffs and all other hourly-paid, non-exempt employees at all of its grocery store locations in the States of Illinois and Wisconsin.

53.     During the relevant time periods, Defendant maintained a centralized system for compensating Plaintiffs and all other hourly-paid, non-exempt employees for all remuneration

earned, including but not limited to with monetary bonuses, incentives, awards, and/or other rewards and payments.

54.     During the relevant time periods, Plaintiffs and all other hourly-paid, non-exempt employees used Defendant's electronic timekeeping system to "clock in" and to "clock out" of work each day at the beginning and end of their shifts, respectively.

55.     During the relevant time periods, Defendant required Plaintiffs and all other hourly-paid, non-exempt employees to record their hours worked and work performed by "clocking in" at the beginning of their shifts (when compensable work commenced) and "clocking out" at the end of their shifts (when compensable work ceased) via Defendant's electronic timekeeping system.

56.     Each work day, during the relevant time periods, Plaintiffs and all other hourly-paid, non-exempt employees performed compensable work immediately after "clocking in" via Defendant's electronic timekeeping system at the beginning of their shifts each work day.

57.     Each work day, during the relevant time periods, Plaintiffs and all other hourly-paid, non-exempt employees performed compensable work immediately prior to "clocking out" via Defendant's electronic timekeeping system at the end of their shifts each work day.

58.     During the relevant time periods, Plaintiffs and all other hourly-paid, non-exempt employees used Defendant's electronic timekeeping system to record all hours worked and work performed each work day and each workweek.

59.     During the relevant time periods, Defendant agreed to compensate Plaintiffs and all other hourly-paid, non-exempt employees for any and all hours worked or work performed each work day.

60.     During the relevant time periods, Defendant agreed to compensate Plaintiffs and all other hourly-paid, non-exempt employees for any and all time spent "clocked in" via its electronic timekeeping system.

61.     During the relevant time periods, Plaintiffs' and all other hourly-paid, non-exempt employees' "clock in" and "clock out" times each work day via Defendant's electronic timekeeping system were kept, stored, and/or retained by Defendant.

62.     During the relevant time periods, Plaintiffs' and all other hourly-paid, non-exempt employees' "clock in" and "clock out" times each work day via Defendant's electronic timekeeping system recorded, reflected, and represented the actual hours worked and work performed each work day and each workweek by Plaintiffs and all other hourly-paid, non-exempt employees.

63.     During the relevant time periods, Defendant's pay policies and practices failed to compensate Plaintiffs and all other hourly-paid, non-exempt employees for all hours actually worked and/or work performed each work day and each workweek as recorded, reflected, and represented via Defendant's electronic timekeeping system.

64.     During the relevant time periods, Defendant required or directed Plaintiffs and all other hourly-paid, non-exempt employees to physically arrive to work at Defendant for their normal and customary daily scheduled shift start times, to "clock in" via its electronic timekeeping system, and to be physically at their work areas or work stations and ready to work prior to their shift start times.

65.     Each work day during the relevant time periods, and despite Defendant requiring or directing Plaintiffs and all other hourly-paid, non-exempt employees to physically arrive to work at Defendant for their normal and customary daily scheduled shift start times, to "clock in"

via its electronic timekeeping system, and to be physically at their work areas or work stations and ready to work prior to their shift start times, Defendant's pay policies in practice compensated said employees as of their normal and customary scheduled shift start times, as opposed to when compensable work actually commenced each work day (as recorded, reflected, and represented via Defendant's electronic timekeeping system).

66.     Each work day during the relevant time periods, Defendant's pay policies in practice rounded Plaintiffs and all other hourly-paid, non-exempt employees' actual hours worked and/or work performed each work day as recorded, reflected, and represented via Defendant's electronic timekeeping system to said employees' scheduled shift start times, which resulted in Defendant shaving time from Plaintiffs' and all other hourly-paid, non-exempt employees' timesheets each work day and each workweek for pre-shift hours worked and/or work performed while "clocked in" via Defendant's electronic timekeeping system.

67.     During the relevant time periods, Defendant shaved time from Plaintiffs' and all other hourly-paid, non-exempt employees' timesheets each work day and each workweek in the manner described in the aforementioned paragraphs for pre-shift compensable work performed by failing to compensate Plaintiffs and all other hourly-paid, non-exempt employees when compensable work commenced each work day (as recorded, reflected, and represented via Defendant's electronic timekeeping system); instead, Defendant compensated Plaintiffs and all other hourly-paid, non-exempt employees based on the rounded times each workweek – to the detriment of said employees and to the benefit of Defendant.

68.     During the relevant time periods, Defendant required or directed Plaintiffs and all other hourly-paid, non-exempt employees to "clock out" via its electronic timekeeping system immediately after performing compensable work at the end of each work day.

69. Each work day during the relevant time periods, and despite Defendant requiring or directing Plaintiffs and all other hourly-paid, non-exempt employees to "clock out" via its electronic timekeeping system immediately after performing compensable work, Defendant's pay policies in practice compensated said employees as of their normal and customary scheduled shift end times, as opposed to when compensable work actually ended each work day (as recorded, reflected, and represented via Defendant's electronic timekeeping system).

70. Each work day during the relevant time periods, Defendant's pay policies in practice rounded Plaintiffs and all other hourly-paid, non-exempt employees' actual hours worked and/or work performed each work day as recorded, reflected, and represented via Defendant's electronic timekeeping system to said employees' scheduled shift end times, which resulted in Defendant shaving time from Plaintiffs' and all other hourly-paid, non-exempt employees' timesheets each work day and each workweek for post-shift hours worked and/or work performed while "clocked in" via Defendant's electronic timekeeping system.

71. During the relevant time periods, Defendant shaved time from Plaintiffs' and all other hourly-paid, non-exempt employees' timesheets each work day and each workweek in the manner described in the aforementioned paragraphs for post-shift compensable work performed by failing to compensate Plaintiffs and all other hourly-paid, non-exempt employees until compensable work ceased each work day (as recorded, reflected, and represented via Defendant's electronic timekeeping system); instead, Defendant compensated Plaintiffs and all other hourly-paid, non-exempt employees based on the rounded times each workweek – to the detriment of said employees and to the benefit of Defendant.

72. During the relevant time periods, Plaintiffs and all other hourly-paid, non-exempt employees used Defendant's electronic timekeeping system to "clock out" for (and to "clock back in" from) meal periods each work day.

73. During the relevant time periods, Defendant required Plaintiffs and all other hourly-paid, non-exempt employees to "clock out" for (and to "clock back in" from) meal periods each workday via its electronic timekeeping system.

74. During the relevant time periods, Plaintiffs and all other hourly-paid, non-exempt employees "clocked out" at the beginning of their meal periods each work day – and then "clocked back in" at the conclusion of their meal periods in the same manner – via Defendant's electronic timekeeping system.

75. During the relevant time periods, Plaintiffs and all other hourly-paid, non-exempt employees performed compensable work immediately prior to "clocking out" via Defendant's electronic timekeeping system for meal periods each work day.

76. During the relevant time periods, Plaintiffs and all other hourly-paid, non-exempt employees performed compensable work immediately after "clocking back in" via Defendant's electronic timekeeping system from meal periods each work day.

77. During the relevant time periods, Defendant shaved time (via electronic timeclock rounding) from Plaintiffs' and all other hourly-paid, non-exempt employees' weekly timesheets for in-shift hours worked and/or work performed, to the detriment of said employees and to the benefit of Defendant.

78. On a daily basis during the relevant time periods, and despite Plaintiffs and all other hourly-paid, non-exempt employees performing compensable work immediately prior to "clocking out" via Defendant's electronic timekeeping system for meal periods each work day and

immediately after "clocking back in" via Defendant's electronic timekeeping system from meal periods each work day, Defendant's pay policies in practice failed to compensate said employees for these hours worked and work performed. For example, if Plaintiffs or any other hourly-paid, non-exempt employee "clocked out" for his/her meal period on any given work day (immediately after performing compensable work) and then "clocked back in" at the end of his/her meal period twenty (20) consecutive minutes thereafter in order to return to work at Defendant (and to immediately begin performing compensable work), Defendant deducted thirty (30) minutes from said employees' timesheets each work day, failing to compensate said employees for the compensable hours worked immediately after "clocking back in" at the end of the meal period each work day and instead rounding those "clock in" times forward for compensation purposes (i.e., failing to compensate said employees for ten (10) minutes of work performed if the scheduled meal period was for thirty (30) minutes in duration).

79.     During the relevant time periods, Defendant shaved time from Plaintiffs' and all other hourly-paid, non-exempt employees' timesheets each work day and each workweek in the manner described in the aforementioned paragraphs for in-shift compensable work performed by failing to compensate Plaintiffs and all other hourly-paid, non-exempt employees when compensable work ceased and commenced each work day vis-à-vis said employees' meal periods (as recorded, reflected, and represented via Defendant's electronic timekeeping system); instead, Defendant compensated Plaintiffs and all other hourly-paid, non-exempt employees based on rounded times each workweek – to the detriment of said employees and to the benefit of Defendant.

80.     During the relevant time periods, Defendant's pay policies and practices failed to compensate Plaintiffs and all other hourly-paid, non-exempt employees for all work performed each work day as described herein despite Defendant having an actual and accurate record of said

employees' hours worked and/or work performed each work day and each workweek via its electronic timekeeping system.

81. During the relevant time periods, Defendant's policies in practice unlawfully and impermissibly failed to, on a daily and/or weekly basis, compensate Plaintiffs and all other hourly-paid, non-exempt employees when compensable work commenced and ceased each work day.

82. During the relevant time periods, Defendant's policies in practice unlawfully and impermissibly failed to, on a daily and/or weekly basis, compensate Plaintiffs and all other hourly-paid, non-exempt employees for all compensable work performed throughout the work day.

83. During the relevant time periods, Defendant knew and/or was aware that its pay policies and practices failed to compensate Plaintiffs and all other hourly-paid, non-exempt employees for all pre-shift, in-shift, and post-shift compensable work performed as described herein despite having a record of all hours worked and work performed each work day and each workweek via its electronic timekeeping system.

84. During the relevant time periods, Defendant did not properly and lawfully compensate Plaintiffs and all other hourly-paid, non-exempt employees for all hours actually worked and/or work performed each work day and each workweek at an overtime rate of pay.

85. During the relevant time periods and during workweeks when no overtime was due, if any, Defendant suffered or permitted Plaintiffs and all other hourly-paid, non-exempt employees to work without being paid appropriate, agreed upon, or lawful compensation at their regular rate(s) of pay for all hours worked and/or work performed each work day and each workweek.

86. Defendant was or should have been aware that its compensation policies in practice failed to compensate Plaintiffs and all other hourly-paid, non-exempt employees in the same or

similar fashion for all hours worked and/or work performed each work day and each workweek, at a regular rate of pay and/or at an overtime rate of pay.

<u>**COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**</u>

87.     Plaintiff Robertson brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> **FLSA Timeshaving Collective:** All hourly-paid, non-exempt employees employed by Defendant at any of its Store locations in the States of Illinois and Wisconsin from January 23, 2021 to December 10, 2021, who utilized Defendant's electronic timekeeping system to record their hours worked, and whose "raw" or "actual" punch time exceeds their "rounded" or "scheduled" punch time in any workweek during the above-stated period as a result of Defendant's timeshaving practices.

> **FLSA Non-Discretionary Compensation Collective:** All hourly-paid, non-exempt Store Employees employed by Defendant at any of its Store locations in the States of Illinois and Wisconsin from January 23, 2021 to December 10, 2021 and who earned an Attendance Bonus, Employee Appreciation Holiday Bonus, or New Hire Bonus during a workweek in which they worked in excess of forty (40) hours.

88.     Plaintiff Robertson and the FLSA Collectives primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

89.     Plaintiff Robertson and the FLSA Collectives were compensated on an hourly basis (and not on a salary basis) each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

90.     From approximately January 23, 2021 to December 10, 2021, Defendant, as a matter of policy and practice, shaved time from the FLSA Timeshaving Collective's timesheets for all pre-shift, in-shift, and post-shift hours worked and/or work performed each work day while

"clocked in" via Defendant's electronic timekeeping system. These practices resulted in Plaintiff Robertson and the FLSA Timeshaving Collective being denied overtime compensation by Defendant at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

91.     From approximately January 23, 2021 to December 10, 2021, Defendant compensated Plaintiff Robertson and the FLSA Non-Discretionary Compensation Collective with, in addition to an hourly or regular rate(s) of pay, other forms of non-discretionary compensation – such as performance-based and/or attendance-based monetary bonuses and incentives, awards, and/or other rewards and payments – on a monthly, quarterly, annual, and/or ad hoc basis.

92.     From approximately January 23, 2021 to December 10, 2021, the monetary compensation – such as performance-based and/or attendance-based monetary bonuses and incentives, awards, and/or other rewards and payments – that Defendant provided to Plaintiff Robertson and the FLSA Non-Discretionary Compensation Collective was non-discretionary in nature: it was made pursuant to a known plan (performance or productivity) or formula and/or was announced and known to Plaintiff Robertson and the FLSA Non-Discretionary Compensation Collective to encourage and/or reward their steady, rapid, productive, reliable, safe, consistent, regular, predictable, continued, and/or efficient work performance and/or hours worked.

93.     From approximately January 23, 2021 to December 10, 2021, Defendant's pay policies and practices failed to include all forms of non-discretionary compensation – such as monetary bonuses, incentives, awards, and/or other rewards and payments – in Plaintiff Robertson's and the FLSA Non-Discretionary Compensation Collective's regular rate(s) of pay for overtime calculation and compensation purposes during workweeks when said employees

worked more than forty (40) hours during the representative time period that the monetary bonuses, incentives, awards, and/or other rewards and payments covered.

94.     The First and Second Claims for Relief are brought under and maintained as opt-in Collective Actions pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff Robertson on behalf of the FLSA Collectives.

95.     The FLSA Collectives claims may be pursued by those who affirmatively opt-in to this case, pursuant to 29 U.S.C. § 216(b) and are similarly situated to the Plaintiff(s).

96.     Plaintiff Robertson and the FLSA Collectives are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff Robertson as stated herein are the same as those of the FLSA Collectives.

97.     Plaintiff Robertson and the FLSA Collectives seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to properly and lawfully compensate employees for all work performed and/or hours worked at the correct and lawful overtime rate of pay each workweek, in violation of the FLSA.

98.     Defendant was or should have been aware that its unlawful practices failed to compensate and deprived Plaintiff Robertson and the FLSA Collectives of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

99.     The FLSA Collectives are readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collectives via first class mail to the last address

known by Defendant and through posting at Defendant's facility in areas where postings are normally made.

100. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff Robertson and the putative FLSA Collectives.

## RULE 23 CLASS ALLEGATIONS – ILLINOIS

101. Plaintiffs bring this action on behalf of themselves and all other similarly-situated employees pursuant to the IMWL and IWPCA, under FED. R. CIV. P. 23. The similarly situated employees include:

> **IWPCA Timeshaving Subclass:** All hourly-paid, non-exempt employees employed by Defendant at any of its Store locations in the State of Illinois from January 23, 2021 to December 10, 2021, who utilized Defendant's electronic timekeeping system to record their hours worked, and whose "raw" or "actual" punch time exceeds their "rounded" or "scheduled" punch time in any workweek in which they worked less than forty (40) hours during the above-stated period as a result of Defendant's timeshaving practices.

> **IMWL Timeshaving Subclass:** All hourly-paid, non-exempt employees employed by Defendant at any of its Store locations in the State of Illinois from January 23, 2021 to December 10, 2021, who utilized Defendant's electronic timekeeping system to record their hours worked, and whose "raw" or "actual" punch time exceeds their "rounded" or "scheduled" punch time in any workweek in which they worked in excess of forty (40) hours during the above-stated period as a result of Defendant's timeshaving practices.

> **IMWL Non-Discretionary Compensation Subclass** All hourly-paid, non-exempt Store Employees employed by Defendant at any of its Store locations in the State of Illinois from January 23, 2021 to December 10, 2021 and who earned an Attendance Bonus, Employee Appreciation Holiday Bonus, or New Hire Bonus during a workweek in which they worked in excess of forty (40) hours.

102. The members of the Illinois Subclasses are readily ascertainable. The number and identity of the members of the Illinois Subclasses are determinable from the records of Defendant.

The job titles, length of employment, and the rates of pay for each member of the Illinois Subclasses are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under FED. R. CIV. P. 23.

103.     The proposed Illinois Subclasses are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are two thousand (2,000) members of each of the Illinois Classes.

104.     Plaintiffs' claims are typical of those claims which could be alleged by any members of the Illinois Subclasses, and the relief sought is typical of the relief which would be sought by each member of the Illinois Subclasses in separate actions. All of the members of the Illinois Subclasses were subject to the same corporate practices of Defendant, as alleged herein. Defendant's corporate-wide policies and practices affected all members of the Illinois Subclasses similarly. Plaintiffs and other members of the Illinois Subclasses sustained similar losses, injuries and damages arising from the same unlawful policies and practices and procedures.

105.     Plaintiffs are able to fairly and adequately protect the interests of the Illinois Subclasses and have no interests antagonistic to the Illinois Subclasses. Plaintiffs are represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

106.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to

prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Illinois Subclass members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Illinois Subclasses to redress the wrongs done to them.

107. Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Illinois Subclasses would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Illinois Subclasses, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

108. Defendant has violated both the IWPCA regarding payment of agreed upon wages and the IMWL regarding payment of overtime wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Second-Amended Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

109.     There are questions of fact and law common to the Illinois Subclasses that predominate over any questions affecting only individual members. The questions of law and fact common to the Illinois Subclasses arising from Defendant's actions include, without limitation, the following: (1) Whether the work performed by Plaintiffs and the Illinois Subclasses is compensable under federal law and/or Illinois law; (2) Whether Defendant engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiffs and the Illinois Subclasses to perform work for Defendant's benefit without being properly compensated according to their agreed upon rate of pay and/or lawful premium rate of pay for all hours worked over forty (40) in a workweek; (3) Whether Defendant failed to pay Plaintiffs and the Illinois Subclasses for all work Defendant suffered or permitted them to perform each work day and each workweek; (4) Whether Defendant provided the Illinois Subclasses with forms of non-discretionary compensation, and whether Defendant failed to include these forms of non-discretionary compensation in the Illinois Subclasses' regular rates of pay for overtime calculation purposes; and (5) The nature and extent of class-wide injury and the measure of damages for the injury.

110.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

## FIRST CLAIM FOR RELIEF
### Violations of the FLSA – Unpaid Overtime Wages
### (Plaintiff Robertson on behalf of himself and the FLSA Timeshaving Collective)

111.    Plaintiff Robertson, on behalf of himself and the FLSA Timeshaving Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

112.    At all times material herein, Plaintiff Robertson and the FLSA Timeshaving Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

113.    At all times material herein, Defendant was an employer of Plaintiff Robertson and the FLSA Timeshaving Collective as provided under the FLSA.

114.    At all times material herein, Plaintiff Robertson and the FLSA Timeshaving Collective were employees of Defendant as provided under the FLSA.

115.    Plaintiff Robertson and the FLSA Timeshaving Collective are victims of the same uniform compensation policy and practice in violation of the FLSA.

116.    Defendant violated the FLSA by suffering or permitting Plaintiff Robertson and the FLSA Timeshaving Collective to perform work without being properly or lawfully compensated for each hour worked in excess of forty (40) hours each workweek. Specifically, Defendant's unlawful compensation practice shaved time from the FLSA Timeshaving Collective's timesheets for all pre-shift, in-shift, and post-shift work and/or work performed while "clocked in" via Defendant's electronic timekeeping system. By failing to compensate the FLSA Timeshaving Collective in such a fashion as described herein, this unlawful compensation practice denied Plaintiff Robertson and the FLSA Timeshaving Collective overtime premium pay for each hour they worked in excess of forty (40) hours each workweek and for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

117.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

118.     Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

119.     Defendant's failure to properly compensate Plaintiff Robertson and the FLSA Timeshaving Collective and failure to properly record all compensable work time was willfully perpetrated. Defendant has not acted in good faith and with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff Robertson and the FLSA Timeshaving Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiff Robertson and the FLSA Timeshaving Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

120.     Plaintiff Robertson and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

121.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CLAIM FOR RELIEF
### Violations of the FLSA – Unpaid Overtime Wages
### <ins>(Plaintiff Robertson on behalf of himself and the</ins>
### <ins>FLSA Non-Discretionary Compensation Collective)</ins>

122. Plaintiff Robertson, on behalf of himself and the FLSA Non-Discretionary Compensation Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

123. At all times material herein, Plaintiff Robertson and the FLSA Non-Discretionary Compensation Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

124. At all times material herein, Defendant was an employer of Plaintiff Robertson and the FLSA Non-Discretionary Compensation Collective as provided under the FLSA.

125. At all times material herein, Plaintiff Robertson and the FLSA Non-Discretionary Compensation Collective were employees of Defendant as provided under the FLSA.

126. Plaintiff Robertson and the FLSA Non-Discretionary Compensation Collective are victims of uniform compensation policy and practice in violation of the FLSA.

127. Defendant violated the FLSA by failing to account for and compensate Plaintiff Robertson and the FLSA Non-Discretionary Compensation Collective for overtime premium pay at the proper and correct overtime rate of pay for each hour worked in excess of forty (40) hours each workweek. Specifically, Defendant's unlawful compensation practice failed to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in the FLSA Non-Discretionary Compensation Collective's regular rates of pay for overtime calculation purposes.

128. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for

commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

129. Defendant was (and is) subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

130. Defendant's failure to properly compensate Plaintiff Robertson and the FLSA Non-Discretionary Compensation Collective and failure to properly include all forms of non-discretionary compensation in the regular rate of pay for overtime calculations purposes was willfully perpetrated. Defendant also has not acted in good faith and with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff Robertson and the FLSA Non-Discretionary Compensation Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant acted in good faith or with reasonable grounds in failing to pay overtime premium pay wages, Plaintiff Robertson and the FLSA Non-Discretionary Compensation Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

131. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff Robertson and the FLSA Non-Discretionary Compensation Collective for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

132. Plaintiff Robertson and the FLSA Non-Discretionary Compensation Collective are entitled to damages equal to the mandated overtime premium pay because Defendant acted

willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

133.    Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**THIRD CLAIM FOR RELIEF**
**Violation of the IWPCA – Unpaid Agreed Upon Wages**
**<u>(Plaintiffs, on behalf of themselves and the IWPCA Timeshaving Subclass)</u>**

134.    Plaintiffs, on behalf of themselves and the IWPCA Timeshaving Subclass, reassert and incorporate all previous paragraphs as if they were set forth herein.

135.    At all relevant times, Plaintiffs and the IWPCA Timeshaving Subclass were employees of Defendant within the meaning of 820 ILCS 115/2.

136.    At all relevant times, Defendant was an employer of Plaintiffs and the IWPCA Timeshaving Subclass within the meaning of 820 ILCS 115/2.

137.    At all relevant times, Defendant has employed, and continues to employ, Plaintiffs and the IWPCA Timeshaving Subclass within the meaning of 820 ILCS 115/1, *et seq.* and ILL. ADMIN. CODE 300, *et seq* ("IWPCA").

138.    Between approximately January 23, 2021 and December 10, 2021, Plaintiffs and the IWPCA Timeshaving Subclass regularly performed activities that were an integral and indispensable part of their principal activities without receiving agreed upon compensation for these activities.

139.    At all relevant times, Defendant agreed to compensate Plaintiffs and the IWPCA Timeshaving Subclass for all hours worked and work performed each work day at its direction, on

its behalf, for its benefits, and/or with its knowledge as reflected and recorded via its electronic timekeeping system.

140. At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiffs and the IWPCA Timeshaving Subclass agreed upon compensation within fourteen (14) days of earning said compensation.

141. From approximately January 23, 2021 to December 10, 2021, Defendant maintained and perpetrated an unlawful compensation practice that shaved time from Plaintiffs and the IWPCA Timeshaving Subclass' timesheets for all pre-shift, in-shift, and post-shift hours worked and/or work performed while "clocked in" via Defendant's electronic timekeeping system each work day and each workweek, resulting in Defendant impermissibly and unlawfully failing to compensate Plaintiffs and the IWPCA Timeshaving Subclass for any and all hours worked and/or work performed each work day and each workweek at the agreed upon rate of pay in violation of the IWPCA.

142. As set forth above, Plaintiffs and the IWPCA Timeshaving Subclass members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiffs and the IWPCA Timeshaving Subclass seek damages in the amount of their respective underpayments of agreed upon wages, injunctive relief requiring Defendant to cease and desist from its violations of the Illinois laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under 820 ILCS 115/14 Plaintiffs and the IWPCA Timeshaving Subclass may be entitled to statutory damages in the amount of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.

143. Plaintiffs and the IWPCA Timeshaving Subclass seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the IWPCA.

**FOURTH CLAIM FOR RELIEF**
**Violation of the IMWL – Unpaid Overtime Wages**
**(Plaintiff Robertson, on behalf of himself and the IMWL Timeshaving Subclass)**

144. Plaintiff Robertson, on behalf of himself and the IMWL Timeshaving Subclass, reassert and incorporate all previous paragraphs as if they were set forth herein.

145. At all relevant times, Plaintiff Robertson and the IMWL Timeshaving Subclass were employees of Defendant within the meaning of 820 ILCS 105/3(d).

146. At all relevant times, Defendant was an employer of Plaintiff Robertson and the IMWL Timeshaving Subclass within the meaning of 820 ILCS 105/3(c).

147. At all relevant times, Defendant has employed, and continues to employ, Plaintiff Robertson and the IMWL Timeshaving Subclass within the meaning of 820 ILCS 105/1, *et seq.*

148. Between approximately January 23, 2021 and December 10, 2021, Plaintiff Robertson and the IMWL Timeshaving Subclass performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

149. At all relevant times, Defendant agreed to compensate Plaintiff Robertson and the IMWL Timeshaving Subclass for all hours worked and work performed each work day at its direction, on its behalf, for its benefits, and/or with its knowledge as reflected and recorded via its electronic timekeeping system.

150. At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff Robertson and the IMWL Timeshaving Subclass compensation at the proper and lawful overtime rate of pay for all hours worked and/or work performed over forty (40) in a workweek.

151.    Between approximately January 23, 2021 and December 10, 2021, Defendant maintained and perpetrated an unlawful compensation practice that shaved time from Plaintiff Robertson and the IMWL Timeshaving Subclass' timesheets for all pre-shift, in-shift, and post-shift hours worked and/or work performed while "clocked in" via Defendant's electronic timekeeping system each work day and each workweek, resulting in Defendant impermissibly and unlawfully failing to compensate Plaintiff Robertson and the IMWL Timeshaving Subclass for all hours worked and/or work performed each work day and each workweek at an overtime rate of pay, in violation of the IMWL.

152.    Defendant willfully failed to pay Plaintiff Robertson and the IMWL Timeshaving Subclass overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of the IMWL.

153.    As set forth above, Plaintiff Robertson and the IMWL Timeshaving Subclass members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff Robertson and the IMWL Timeshaving Subclass seek damages in the amount of their respective underpayment of compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Illinois laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under 820 ILCS 105/12, Plaintiff Robertson and the IMWL Timeshaving Subclass may be entitled to treble the amount of underpayment of compensation and/or damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.

154.    Plaintiff Robertson and the IMWL Timeshaving Subclass seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the IMWL.

## FIFTH CLAIM FOR RELIEF
### Violation of the IMWL – Unpaid Overtime Wages
### <u>(Plaintiff Robertson, on behalf of himself and</u>
### <u>the IMWL Non-Discretionary Compensation Subclass)</u>

155.    Plaintiff Robertson, on behalf of himself and the IMWL Non-Discretionary Compensation Subclass, reassert and incorporate all previous paragraphs as if they were set forth herein.

156.    At all relevant times, Plaintiff Robertson and the IMWL Timeshaving Subclass were employees of Defendant within the meaning of 820 ILCS 105/3(d).

157.    At all relevant times, Defendant was an employer of Plaintiff Robertson and the IMWL Timeshaving Subclass within the meaning of 820 ILCS 105/3(c).

158.    At all relevant times, Defendant has employed, and continues to employ, Plaintiff Robertson and the IMWL Timeshaving Subclass within the meaning of 820 ILCS 105/1, *et seq.*

159.    Between approximately January 23, 2021 and December 10, 2021, Plaintiff Robertson and the IMWL Timeshaving Subclass regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

160.    At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff Robertson and the IMWL Timeshaving Subclass compensation at the proper and lawful overtime premium rate of pay.

161.    Between approximately January 23, 2021 and December 10, 2021, Defendant maintained and perpetrated an unlawful compensation practice that failed to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other

rewards and payments, in the Plaintiff Robertson and the IMWL Timeshaving Subclass' regular rates of pay for overtime calculation purposes, in violation of the IMWL.

162.     Defendant willfully failed to pay Plaintiff Robertson and the IMWL Timeshaving Subclass overtime premium compensation for all hours worked in excess of forty (40) hours a workweek at the proper and lawful rate in violation of the IMWL.

163.     As set forth above, Plaintiff Robertson and the IMWL Timeshaving Subclass members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff Robertson and the IMWL Timeshaving Subclass seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Illinois laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under 820 ILCS 105/12, Plaintiff Robertson and the IMWL Timeshaving Subclass may be entitled to treble the amount of underpayment of compensation and/or damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.

164.     Plaintiff Robertson and the IMWL Timeshaving Subclass seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the IMWL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non-exempt employees who worked at and/or were employed by Defendant informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Illinois Law and applicable regulations and as willful as defined in the FLSA and Illinois Law;

e) Issue an Order directing and requiring Defendant to pay Plaintiffs and all other similarly-situated hourly-paid, non-exempt employees damages in the form of reimbursement for unpaid overtime wages and/or regular wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA, IMWL, and IWPCA;

f) Issue an Order directing and requiring Defendant to pay Plaintiffs and all other similarly-situated hourly-paid, non-exempt employees liquidated and statutory damages pursuant to the FLSA, IMWL, and IWPCA in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

g) Issue an Order directing Defendant to reimburse Plaintiffs and all other similarly-situated hourly-paid, non-exempt employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

h) Provide Plaintiffs and all other similarly-situated hourly-paid, non-exempt employees with other relief that the Court deems just and equitable.

### PLAINTIFFS DEMAND A JURY AS TO ALL TRIABLE ISSUES

Dated this 13th day of December, 2021

WALCHESKE & LUZI, LLC
Counsel for Plaintiffs

s/ *James A. Walcheske*
James A. Walcheske, WI State Bar No. 1065635
Scott S. Luzi, WI State Bar No. 1067405
David M. Potteiger, WI State Bar No. 1067009

WALCHESKE & LUZI, LLC
125 S. Wacker Drive, Suite 300
Chicago, Illinois 60606
Telephone: (224) 698-2630
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com