UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JESSE WYNGAARD,

        Plaintiff,

v.                                                                    Case No. 19-cv-493-pp

WOODMAN'S FOOD MARKET, INC.,

        Defendant.

---

**ORDER GRANTING JOINT MOTION TO CONSOLIDATE (DKT. NO. 232), ORDERING CASES CONSOLIDATED THROUGH RESOLUTION OF SUMMARY JUDGMENT, DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO RESTRICT (DKT. NO. 69), DENYING AS MOOT DEFENDANT'S MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY AND MODIFYING SCHEDULING ORDER (DKT. NO. 54), DENYING WITHOUT PREJUDICE ALL OTHER PENDING MOTIONS (DKT. NOS. 48, 50, 52, 65, 66, 67), ORDERING DEFENDANT TO ANSWER FIRST AMENDED COMPLAINT IN <u>ROBERTSON</u> AND ORDERING PARTIES TO FILE AMENDED RULE 26(F) REPORT**

---

On April 5, 2019, plaintiff Jesse Wyngaard filed a collective and class action complaint against Woodman's Food Market, Inc. under the Fair Labor Standards Act (FLSA) and Wisconsin's Wage Payment and Collection Laws (WWPCL). Dkt. No. 1. Later, the court granted the defendant's motion to consolidate this case with another, <u>Hunter, et al. v. Woodman's Food Market, Inc.</u>, Case No. 21-cv-94, ordering the two cases consolidated through resolution of summary judgment. Dkt. No. 230. The parties since have filed a joint motion to consolidate these cases with a third one, <u>Robertson, et al. v. Woodman's</u>

1

Food Market, Inc., Case No. 22-cv-207-WED (E.D. Wis. 2022), for all pretrial proceedings.[1] Dkt. No. 232.

**I.     Applicable Law**

Federal Rule of Civil Procedure 42(a) states:

(a) Consolidation. If actions before the court involve a common question of law or fact, the court may:

> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

The rule was "designed and intended to encourage . . . consolidation" of matters that are "one and the same, and touch[] each defendant with exactly the same effect" "where possible." United States v. Knauer, 149 F.2d 519, 520 (7th Cir. 1945). It gives the court several options:

> First, the court may "join for hearing or trial any or all matters at issue in the actions." Fed. Rule Civ. Proc. 42(a)(1). Second, the court may "consolidate the actions." Rule 42(a)(2). Third, the court may "issue any other orders to avoid unnecessary cost or delay." Rule 42(a)(3).

Hall v. Hall, 138 S. Ct. 1118, 1124 (2018). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." Id. at 1131 (citing 9A Wright & Miller §2383). Courts should decline to exercise their discretion to consolidate if consolidation could cause confusion or prejudice. Estate of West v. Giese, Nos. 19-cv-1843, 19-cv-1844, 2020 WL 3895299, at *1 (E.D. Wis. July 10, 2020) (citing SJ Props Suites, BuyCo, EHF v. Dev.

---

[1] The court will refer to the cases as Wyngaard, Hunter and Robertson, respectively.

Opportunity Corp., Nos. 09-cv-533, 09-cv-569, 2009 WL 3290009, at *1 (E.D. Wis. Nov. 12, 2009)).

## II. Analysis

### A. Common Question of Law or Fact

The court discussed the complaints and subsequent filings relating to the claims in Wyngaard and Hunter in its previous order consolidating those cases:

> In the April 5, 2019 complaint, Wyngaard asserted five claims against the defendant: (1, 3) an FLSA and a WWPCL claim alleging that the defendant failed to include monetary, non-discretionary compensation, such as "bonuses, incentives, payments, awards, rewards and/or other payments" paid to employees in their "regular rates of pay for overtime calculation purposes," Dkt. No. 1 at ¶¶93, 120; (2) an FLSA claim that the defendant failed to pay employees overtime for daily meal periods that lasted less than thirty minutes, Dkt. No. 1 at ¶106; and (4-5) two WWPCL claims alleging that the defendant failed to pay overtime and regular wages to employees whose meal periods were less than thirty minutes, Dkt. No. 1 at ¶¶130, 140. The complaint described five different classes and collectives—two FLSA and three WWPCL. See id. at ¶¶69, 78. The collective classes include employees who were employed by the defendant within the three years immediately prior to the filing of the complaint (from April 5, 2016 through April 5, 2019), id. at ¶69; the Rule 23 classes include people who were employed by the defendant within the two years immediately prior to the filing of the complaint (from April 5, 2017 through April 5, 2019), id. at ¶78.
>
> . . .
>
> The July 6, 2021 second amended complaint brought by Hunter and Beegun in the Hunter case asserted nine claims: (1, 4) an FLSA claim and a WWPCL claim that the defendant did not properly compensate employees for overtime by failing to treat "rest breaks of short duration and/or meal periods lasting less than thirty (30) consecutive minutes" as compensable time, [Hunter, Case No. 21-cv-94] at Dkt. No. 15 at ¶¶141, 176; (2, 5, 7 and 8) an FLSA claim, a WWPCL claim, an Illinois Wage Payment and Collection Act (IWPCA) claim and an Illinois Minimum Wage Law (IMWL) claim that the defendant did not properly compensate employees for overtime

in the form of "shaving" time for pre-shift, in-shift and post-shift work "performed while 'clocked in' via Defendant's electronic timekeeping system," id. at Dkt. No. 15, ¶¶152, 184, 205, 214; and (3, 6 and 9) an FLSA claim, a WWPCL claim and a IMWL claim that the defendant failed to properly compensate employees for overtime pay by failing to include non-discretionary compensation such as monetary bonuses, incentives, awards and other rewards and payments in the regular rates of pay for overtime calculation purposes, id. at Dkt. No. 15, ¶¶163, 189, 224.

. . .

Both cases involve claims that the defendant failed to include bonuses and other monetary forms of non-discretionary compensation in the plaintiffs' pay for the purposes of calculating overtime. The differences in those claims between the two cases are the time frames (April 2016/2017 to April 2019 for this case and various dates between January 22, 2018 and the present in the Hunter case) and the fact that the Hunter plaintiffs bring claims under federal, Wisconsin and Illinois law while the plaintiff in Wyngaard brings claims only under federal and Wisconsin law. These claims involve a common question of fact—whether the defendant failed to include the non-discretionary compensation in the employees' pay for the purposes of calculating overtime between April 2016 and the present. The legal analysis of that question of fact would appear to be the same for the federal and Wisconsin claims in both cases; it might be slightly different for the Illinois claim in the Hunter case.

Both cases involve claims that the defendant failed to pay employees overtime for meal periods less than thirty minutes in duration. But the Hunter case also includes a claim that the defendant failed to pay employees overtime for less-than-standard rest breaks. And the time frames are different—April 2016/2017 through April 2019 for Wyngaard and April 4, 2019 to January 22, 2021 for Hunter. These claims *do* involve a common question of fact—whether the defendant failed to pay overtime for meal periods less than thirty minutes in duration—but the factual claims are not fully congruent. The time frames, while different, are contiguous. The questions of law likely are the same under federal and Wisconsin law and perhaps slightly different under Illinois law.

Dkt. No. 230 at 8-13.

The amended complaint in Robertson brings collective and class action claims against the defendant under the Fair Labor Standards Act of 1938

4

(FLSA), Illinois' Minimum Wage Law, 820 ILCS 105/12, *et seq.* (IMWL), Illinois' Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.*, Ill. Admin. Code 300, *et seq.* (IWPCA) and Fed. R. Civ. P. 23. Robertson, Dkt. No. 4 at ¶1. Robertson and another plaintiff, Ray Barnes, bring the claim on behalf of themselves and all others similarly situated "for unpaid overtime compensation [and] unpaid agreed upon wages." Id. Specifically, the Robertson plaintiffs assert five claims against the defendants:

* Claims One, Three and Four: a FLSA, an IWPCA and an IMWL claim alleging that the defendant operated a system that shaved time from employees' timesheets, id. at ¶¶116, 144, 154; and

* Claims Two and Five: a FLSA and an IMWL claim for an "unlawful compensation [that] failed to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments," id. at ¶¶127, 164.

The claims relate to the time period from January 23, 2021 to the present. Id. at 16, 19.

B.     Procedural Posture

The plaintiffs filed the Robertson complaint on December 13, 2021, over two and a half years after the plaintiffs filed the complaint in Wyngaard. Robertson, Dkt. No. 1. The Robertson plaintiffs filed an amended complaint over a month later, id. at dkt. no. 4, and the parties filed a stipulation for transfer of the case to the Eastern District of Wisconsin roughly two weeks after the plaintiffs amended the complaint, id. at dkt. no. 5.

Just a week after the Robertson plaintiffs filed their original complaint, the court entered the order consolidating Wyngaard and Hunter. Wyngaard, Dkt. No. 230. Since then, the defendant has filed an answer to the amended

5

complaint in Hunter, id. at dkt. no. 231, the parties have filed this joint motion, id. at dkt. no. 232, and the parties have filed a status report relating to their motion and their plan for proceeding (assuming Robertson is consolidated with the present case), id. at dkt. no. 233.

### C. Court's Findings

The cases involve common issues of law and fact. The claims in Robertson relating to bonuses and other monetary forms of non-discretionary compensation are similar to the claims in Wyngaard and Hunter. The time shaving claim in Robertson is nearly identical to the time shaving claim in Hunter. The time frame in Robertson tracks the time frame in Hunter; both cases involve Illinois law.

The parties in Wyngaard and Hunter have progressed little since the court consolidated those cases. There is no reason to require them to proceed separately from Robertson for the purposes of discovery. It is in the interest of judicial economy to streamline the discovery process through consolidation and the parties' decision to jointly bring this motion demonstrates that there is no prejudicial effect from consolidating the three cases. The parties ask that the court consolidate Robertson with Wyngaard and Hunter for only for pretrial proceedings, dkt. no. 232 at 4, so the court need not analyze the potential for jury confusion.

The court will grant the parties' joint motion to consolidate Robertson under Wyngaard, Case No. 19-cv-493, and Hunter, Case No. 21-cv-94. The cases will be consolidated through dispositive motions.

### III. Other Pending Motions

Prior to the defendant's motion to consolidate Wyngaard and Hunter, the parties had filed several motions in Wyngaard. Wyngaard had filed three motions to compel, dkt. nos. 48, 50, 52, a motion to certify a Rule 23 class and another to certify collective class, dkt. nos. 65-66, a motion for leave to file excess pages, dkt. no. 67, and a motion to restrict, dkt. no. 69. The defendant had filed a motion for protective order to stay discovery and amend the prior scheduling order. Dkt. No. 54.

Plaintiff Wyngaard's motion to restrict asked the court to restrict certain documents to the case participants and the court because the documents, or parts of them, had been designated by the *defendant* as confidential under the protective order this court issues in November 2019. Dkt. No. 69 at 1. The plaintiff asked the court to restrict access, "at least on a temporary basis, to afford Defendant the opportunity to motion this Court to limit further access, if desired." Id. The plaintiff identified twenty-five documents—over 550 pages in all—that he asked the court to restrict. Dkt. No. 68.

"General Local Rule 79(d) governs procedures for motions to restrict." Ramos v. Cont'l Auto. Sys., Inc., No. 18-1900-pp, 2020 WL 8617482, at *1 (E.D. Wis. Sept. 3, 2020).

> The rule requires the motion to describe "the general nature of the information withheld from the public record." The motion must be supported by "sufficient facts demonstrating good cause for withholding the document or materials from the public record." General L.R. 79(d)(3) (E.D. Wis.). If the movant is not the party who designated the material confidential, the movant "may explain in the motion that the documents or materials are being filed under seal pursuant to a Court-approved protective order or otherwise, and

7

> that the filing party supports, objects to, or takes no position on the continued sealing of the documents or materials." Id. In response, the party that originally designated the material confidential may, if it chooses to do so, provide facts showing good cause to continue the restriction. Id. If neither party provides "a sufficient factual basis demonstrating good cause sufficient to seal the documents or materials," the court "must" deny the motion. Id. Finally, section (d)(4) requires the movant to include in its motion "a certification that the parties have conferred in a good faith attempt to avoid the motion or to limit the scope of the documents or materials subject to sealing under the motion." Id.

Id.

The reason for these requirements is that the Seventh Circuit has made plain that there must be good cause to seal or restrict documents. Documents that "affect the disposition of federal litigation are presumptively open to public view." Goesel v. Boley Intern (H.K.) Ltd., 738 F.3d 831, 833 (7th Cir. 2013). The public has a right of access to the judicial record so that it may know who is using the courts, to understand judicial decisions and to monitor the judiciary's performance. Id. Because the public pays for the courts, the public is entitled to know what goes on at all stages of a judicial proceeding. Citizens First Nat'l Bank v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999). A party may override this interest only if its privacy interest surmounts the public's interest; "that is, only if there is good cause for sealing a part or the whole of the record in that case." Roumann Consulting Inc. v. T.V. John & Son, Inc., No. 17-C-1407, 2019 WL 3501513, at *8 (E.D. Wis. Aug. 1, 2019).

The Seventh Circuit has held that the simple fact that the parties have agreed to the confidentiality of a document for the purposes of discovery does not constitute "good cause" for restricting that document when it is filed with

8

the court. In Baxter Intern., Inc. v. Abbott Labs., 297 F.3d 544, 545 (7th Cir. 2002), the court discussed a motion to seal that was "patterned on the sort of broad secrecy agreement that often accompanies discovery in order to expedite that process by avoiding document-by-document analysis." The court explained:

> Secrecy is fine at the discovery stage, before the material enters the judicial record. See *Seattle Times Co. v. Reinhart*, 467 U.S. 20 . . . (1984). But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality. See, e.g., *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893 (7th Cir. 1994); *In re Continental Illinois Securities Litigation*, 732 F.2d 1302 (7th Cir. 1984).

Id. The court criticized the parties' joint motion to seal because it "simply asserted, mostly on the basis of the [protective] agreement but partly on the ground that these are commercial documents." Id. at 546. The Seventh Circuit stated, "That won't do." Id.

Wyngaard's motion states only that the court should restrict over 550 pages of documents because the defendant designated them confidential under the protective order. It does not contain the required certification showing that the parties conferred in an effort to avoid the motion or limit the number of documents covered by the motion. Neither party has stated good cause for restricting the documents. The court will deny the motion without prejudice. Any party may seek to renew the motion by the end of the day on **April 8, 2022**, if that party can show good cause for restricting some or all the

9

documents. The Clerk of Court must continue to restrict access to the documents at Dkt. No. 68 until further order of the court.

As to the other pending motions, in its December 20, 2021 order consolidating Wyngaard and Hunter, the court noted the pending discovery motions. Dkt. No. 230 at 17. It stated that if the parties were not able to resolve their disputes by the deadline the court set for filing a Rule 26(f) plan for the consolidated cases (thirty days after the date on which the defendant answered the second amended complaint), the court would confer with the magistrate judge to determine which court could most expeditiously resolve the motions. Id. The court ordered that within thirty days of the defendant filing its answer to the second amended complaint, the parties must file a joint Rule 26(f) report and should advise the court whether it needed to schedule a hearing on the pending motions. Id. at 18.

Instead of the defendant filing its answer to the second amended complaint and the parties filing a joint Rule 26(f) plan, the parties filed the motion to consolidate Robertson. They also filed a status report. Dkt. No. 233. The report indicates that the defendant will file its answer to the first amended complaint in Robertson within fourteen days of any order consolidating Robertson with Wyngaard and Hunter and that they will file a joint motion for conditional certification "of the federal claims in *Hunter* and *Robertson*" within twenty-one days of any consolidation order. Id. at 4. The parties ask the court to allow them to file a Rule 26(f) report for the consolidated matters within fourteen days after the defendant answers the first amended complaint in

10

Robertson. Id. The status report, however, makes no reference to the pending discovery motions. Nor does it indicate whether Wyngaard plans to withdraw his motions to certify Rule 23 and collective classes (Dkt. Nos. 65, 66).

The court will deny all of these pending motions without prejudice. Once the defendant has answered or otherwise responded in Robertson and the parties have filed their Rule 26(f) plan for the consolidated cases, they may file any discovery motions that are necessary. The court strongly urges the parties to work to resolve any discovery disputes before involving the court, and to comply with the requirements of Civil L.R. 37 if they do decide to file discovery motions.

**IV. Conclusion**

The court **GRANTS** the parties' joint motion to consolidate Robertson, *et al.* v. Woodman's Food Market, Inc., Case No. 22-cv-207-WED, with Wyngaard v. Woodman's Food Market, Inc., Case No. 19-cv-493-pp and Hunter, *et al.* v. Woodman's Food Market, Inc., Case No. 21-cv-94-pp. Dkt. No. 232.

Under Civil Local Rule 42(b) (E.D. Wis.), the court **ORDERS** that the three cases are **CONSOLIDATED** through ruling on summary judgment or other dispositive motions. The court **ORDERS** that the Clerk of Court must place a notation on the docket for Case No. 22-cv-207, reminding interested parties to check the docket for Case No. 19-cv-493.

The court **ORDERS** that by the end of the day on **April 8, 2022**, the defendant must answer or otherwise respond to the amended complaint in Robertson, Case No. 22-cv-207.

11

The court **ORDERS** that within **fourteen (14)** days of the date of the defendant's response to the amended complaint in <u>Robertson</u>, Case. No. 22-cv-207, the parties must file a Rule 26(f) report for the consolidated cases.

The court **ORDERS** that by the end of the day on **April 22, 2022**, the parties must file a joint motion for conditional certification.

The court **DENIES WITHOUT PREJUDICE** plaintiff Wyngaard's Rule 7(h) motion to compel answers and responses to the plaintiff's first set of discovery. Dkt. No. 48.

The court **DENIES WITHOUT PREJUDICE** plaintiff Wyngaard's Rule 7(h) motion to compel answers and responses to the plaintiff's second set of discovery. Dkt. No. 50.

The court **DENIES WITHOUT PREJUDICE** plaintiff Wyngaard's Rule 7(h) motion to compel the defendant to produce Ms. Kristin Popp at a deposition. Dkt. No. 52.

The court **DENIES AS MOOT** the defendant's Rule 7(h) motion for protective order to stay discovery and to amend scheduling order. Dkt. No. 54.

The court **DENIES WITHOUT PREJUDICE** plaintiff Wyngaard's motion to certify Rule 23 class. Dkt. No. 65.

The court **DENIES WITHOUT PREJUDICE** plaintiff Wyngaard's motion to certify collective class. Dkt. No. 66.

The court **DENIES WITHOUT PREJUDICE** plaintiff Wyngaard's motion for leave to file excess pages. Dkt. No. 67.

The court **DENIES WITHOUT PREJUDICE** plaintiff Wyngaard's motion to restrict. Dkt. No. 69. Any party may seek to renew the motion by the end of the day on **April 8, 2022**. The court **ORDERS** that the Clerk of Court must continue to restrict the documents at Dkt. No. 68 until further order of the court.

Dated in Milwaukee, Wisconsin this 25th day of March, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
